UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | No. 19 D 19 |
| Felipe Gomez, | ) | |
| | ) | (Before the Executive Committee) |
| An Attorney. | ) | |

ORDER

1. Felipe Gomez was admitted to practice before the general bar of this Court on May 13, 2004.

2. On April 23, 2019, the City Prosecutor of the City of Chicago, Department of Law submitted a letter, accompanied by exhibits, to the Executive Committee. The letter, authored by Ms. Natalia Delgado, accused Mr. Gomez of delivering, via e-mails and voice-mails, harassing and threatening communications. On review of the letter and the exhibits, the Executive Committee sent a Rule to Show Cause pursuant to Local Rule 83.26(c) by overnight UPS, delivered on May 14, 2019, directing Mr. Gomez to show cause why he should not be disciplined for violating ABA Model Rule of Professional Conduct 4.4(a) ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."); and ABA Model Rule of Professional Conduct 8.4(d) ("engag[ing] in conduct that is prejudicial to the administration of justice"). Mr. Gomez was given 28 days from receipt in which to respond.

3. Mr. Gomez was directed to show cause why the numerous communications detailed in Docket Entry 44 (and its exhibits) of Case No. 18 C 4818, *Singer v. Kovitz, Shifrin & Nesbit et al.*, do not violate Rule 4.4(a) and 8.4(d). By way of example only, among the communications reported in R. 44-1, Exh. A (subpoena), Exh. B-1 (Timeline Summary), and Exh. B-2 (emails), are the following:

    a. Mr. Gomez served a subpoena that sought records related to his client "without regard to 'relevance'", R. 44-1, Exh. A;

    b. Mr. Gomez frivolously asserted that the Mayor of Chicago would be required to testify about the case, R. 44-1, Exh. B-1 at 8-10;

    c. On September 17, 2018, Mr. Gomez delivered a series of harassing emails and voice-emails, including one in which he sang the lyrics to *99 Bottles of Beer on the Wall*, Exh. B-1 at 12;

    d. On September 18-19, 2018, Mr. Gomez sent emails demanding immediate production of Chicago Police Department records, yet the first request to the attorney for those records was made on Saturday, September 15, 2018, Exh. B-1 at 13-17;

    e. On September 19, 2018, Mr. Gomez demanded on behalf of his client that "the Mayor and yourself resign right after you reply to these requests." Exh. B-1 at 16; and

    f. On September 21, 2018, Mr. Gomez demanded Chicago Police Department records dating back to 1800, Exh. B-1 at 17-18.

4. The Rule to Show Cause further directed that in addition to addressing the communications in Docket Entry 44 (and its exhibits) of Case No. 18 C 4818, Mr. Gomez's response to the rule to show cause shall address why the following email, sent to a lawyer in a matter unrelated to Case No. 18 C 4818, but copied to Ms. Delgado, does not violate Rule 8.4(d). The email was sent on April 7, 2019, and contains the subject line, "Smollett not the real scumbag." The text of the email states:

> Former CNN lackey: I will be filing MY Qui Tam RICO suit naming you and your ongoing liar scheming client you are aiding and abetting. You will have to withdraw per 1.7 and 3.7 and I will immediately move to have you fired. Holmes too and expect that defamation count in there directed at your arrogant stupid word hole.
>
> I am going to screw you New York style. You messed with the wrong city. Watch how I flay you in full view of the World.
>
> Lawyers and clients like yours have no place in decent society, except in a cell. I will do my best to ruin you because you are in my opinion a total disgrace to our profession.
>
> Get ready dude i am coming for you and i am pissed off. Way pissed off.

5. Mr. Gomez's response to the Rule to Show Cause was due on June 11, 2019, but he has not filed any response. In the absence of a response, based on the exhibits underlying the show-cause order, including the examples set forth in the show-cause order, the Executive Committee finds that Mr. Gomez violated ABA Model Rule of Professional Conduct 4.4(a) ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal

rights of such a person."); and ABA Model Rule of Professional Conduct 8.4(d) ("engag[ing] in conduct that is prejudicial to the administration of justice").

6. IT IS ORDERED that, pursuant to Rule 83.28(c) of the Local Rules of this Court, Mr. Felipe Gomez is suspended from the practice of law in this Court for four months and until further order of the Court. Under Local Rule 83.30(a), Mr. Gomez must petition for reinstatement before resuming practice in this Court.

7. The Clerk of Court shall post this Order on the docket in every pending case in which Mr. Gomez has filed an attorney appearance. The Executive Committee notes that this Order does not bar Mr. Gomez from representing himself *pro se*. That said, if Mr. Gomez represents himself in a case, he may not during his suspension represent any co-party in the case.

ENTER:

FOR THE EXECUTIVE COMMITTEE

_____
Acting Chief Judge

DATED: June 18, 2019